**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| WILLIAM BALLARD,<br><br>               Plaintiff,<br><br>    v.<br><br>CHANNELADVISOR CORPORATION, TIMOTHY BUCKLEY, DAVID SPITZ, JOSEPH L. COWAN, JANET COWELL, LINDA CRAWFORD, MARSHALL HEINBERG, HIMANSHU PALSULE, TIMOTHY WILLIAMS, and SCOT WINGO,<br><br>               Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff William Ballard ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against ChannelAdvisor Corporation ("ChannelAdvisor" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by CommerceHub, Inc. ("CommerceHub").[1]

2. On September 4, 2022, the Company entered into an Agreement and Plan of

---

[1] The proposed acquisition of the Company described herein is referred to as the "Proposed Transaction."

Merger (the "Merger Agreement") with CommerceHub and CH Merger Sub, Inc. ("Merger Sub"). The Merger Agreement provides that ChannelAdvisor stockholders will receive $23.10 in cash for each share of Company common stock if the Proposed Transaction is consummated.

3. The Company's corporate directors subsequently authorized the October 11, 2022, filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[2]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder

---

[2] The Special Meeting at which stockholders will be asked to approve the Proposed Transaction currently is scheduled for November 11, 2022.

pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of ChannelAdvisor common stock.

10. Defendant ChannelAdvisor is a Delaware corporation with its principal executive offices located at 3025 Carrington Mill Boulevard, Suite 500, Morrisville, North Carolina 27560.  ChannelAdvisor's shares trade on the New York Stock Exchange under the ticker symbol "ECOM."  ChannelAdvisor, together with its subsidiaries, provides software-as-a-service solutions in the United States and internationally.  The Company helps brands and retailers improve their online performance by expanding sales channels, connecting with consumers across the entire buying cycle, optimizing their operations for peak performance, and providing actionable analytics to improve competitiveness.  ChannelAdvisor's solutions include various platform modules such as Marketplaces, Digital Marketing, Shoppable Media and Brand Analytics.

11. Defendant Timothy Buckley is and has been Chairman of the Board and a director of the Company at all times relevant hereto.

12. Defendant David Spitz is and has been Chief Executive Officer and a director of the Company at all times relevant hereto.

13. Defendant Joseph L. Cowan is and has been a director of the Company at all times relevant hereto.

14. Defendant Janet Cowell is and has been a director of the Company at all times relevant hereto.

15. Defendant Linda Crawford is and has been a director of the Company at all times relevant hereto.

16. Defendant Marshall Heinberg is and has been a director of the Company at all times relevant hereto.

17. Defendant Himanshu Palsule is and has been a director of the Company at all times relevant hereto.

18. Defendant Timothy Williams is and has been a director of the Company at all times relevant hereto.

19. Defendant Scot Wingo is a co-founder of the Company and is and has been a director of the Company at all times relevant hereto.

20. Defendants identified in paragraphs 11-19 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

21. On September 6, 2022, CommerceHub and ChannelAdvisor jointly announced in relevant part:

Latham, NY & Research Triangle Park, NC – September 6, 2022 – CommerceHub, an industry-leading commerce network connecting supply, demand and delivery for the world's leading retailers and brands, and ChannelAdvisor Corporation (NYSE: ECOM), a leading provider of cloud-based e-commerce solutions that enable brands and retailers to increase global sales, today announced they have entered into a definitive agreement for CommerceHub to acquire the outstanding shares of ChannelAdvisor in a transaction led by global software investor and current shareholder of CommerceHub, Insight Partners. Under the terms of the agreement, ChannelAdvisor stockholders will receive $23.10 per share in cash, representing a premium of approximately 57% over the company's closing stock price on September 2, 2022, the last full trading day prior to this announcement. The boards of directors of both companies have unanimously approved the transaction.

The complementary combination of CommerceHub and ChannelAdvisor expands capabilities for brands and retailers:

- Brands will be able to manage their public and private marketplaces alongside their retailer connections with a single vendor, improving efficiency by unifying first-party, dropship, and third-party integrations.

- Retailers will be able to access an even larger pool of brands, with over 18,000 customers transacting more than $50 billion in gross merchandise value (GMV) and more than $500 million in digital marketing and retail media ad spend annually across the combined network.

- Companies across the network will be able to save on delivery costs and improve delivery experiences with Delivery Suite, and improve their consumer experience with Shoppable Media and Brand Analytics.

"CommerceHub and ChannelAdvisor have both established themselves as leading solutions for different segments of online retailers and brands. By coming together, we can provide an even broader network, enabling our combined customers to grow their businesses by discovering new products, new brands, and new channels," said Bryan Dove, CEO, CommerceHub.

"This is a tremendous opportunity for our customers, for our team members and our shareholders. This transaction positions the combined company to accelerate innovation and help shape the future of commerce," said David Spitz, CEO, ChannelAdvisor.

Investors that participated in this transaction include Insight Partners, GTCR, Sycamore Partners, and Baird Sachs Asset Management. Financing for the transaction is being provided by Sixth Street and Golub Capital LLC (the "Financing Sources").

The proposed transaction is not subject to a financing condition and is expected to close in 2022. The transaction is subject to customary closing conditions, including receipt of regulatory approvals and approval by ChannelAdvisor's stockholders. The companies will operate independently until the proposed transaction is finalized.

Upon completion of the transaction, ChannelAdvisor will become a privately held company and shares of ChannelAdvisor common stock will no longer be listed on any public market.

Advisors

Baird is serving as financial advisor to ChannelAdvisor and Cooley LLP is acting as legal counsel to ChannelAdvisor.

Stifel and District Capital Partners are serving as financial advisors to CommerceHub. Willkie Farr & Gallagher LLP is acting as legal advisor to CommerceHub and Paul, Weiss, Rifkind, Wharton & Garrison LLP are acting as debt financing legal advisor to CommerceHub. Kirkland & Ellis LLP served as legal advisor to GTCR and Sycamore Partners and Simpson Thacher & Barlett LLP served as legal advisor to Baird Sachs Asset Management.

Latham & Watkins LLP are acting as legal advisors to the Financing Sources.

**The Materially Incomplete and Misleading Proxy Statement**

22.     The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on October 11, 2022. The Proxy Statement, which recommends that ChannelAdvisor stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial forecasts and the financial analyses that support the fairness opinion provided by the Company's financial advisor Robert W. Baird & Co. Incorporated ("Baird"); and (b) potential conflicts of interest faced by Company Insiders.

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts and Baird's Financial Analysis*

23. The Proxy Statement fails to disclose material information concerning the Company's financial forecasts, including the line items underlying the Company's forecasts for Adjusted EBITDA; (b) Levered Free Cash Flow; and (c) Unlevered Free Cash Flow.

24. The Proxy Statement also fails to disclose material information concerning Baird's financial analysis.

25. With respect to the *Discounted Cash Flow Analysis* ("*DCFA*") performed by Baird, the Proxy Statement fails to disclose the Company's terminal values utilized by Baird, in addition to ChannelAdvisor's net cash position as of June 30, 2022, and its fully diluted outstanding shares.

26. With respect to *the Selected Companies Analysis* performed by Baird, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the selected companies analyzed by the financial advisor.

27. With respect to *the Selected Transaction Analysis* performed by Baird, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the selected transactions analyzed by the financial advisor.

*Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

28. The Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by Company insiders, including the details of any employment and retention-related discussions and negotiations that occurred between CommerceHub and ChannelAdvisor's executive officers. These omissions include who participated in all such communications, when they occurred, and their content.

29. The Proxy Statement also fails to disclose whether any of CommerceHub's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

30. The omission of the above-referenced information renders statements in the "Financial Projections," "Opinion of Robert W. Baird & Co. Incorporated," "Background of the Merger," and "Interests of ChannelAdvisor's Directors and Executive Officers in the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and ChannelAdvisor**

31. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

32. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. ChannelAdvisor is liable as the issuer of these statements.

33. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

34. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

35. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

36. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

37. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

38. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

39. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

40. The Individual Defendants acted as controlling persons of ChannelAdvisor within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of ChannelAdvisor and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

41. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

42. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

43. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

44. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and

proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  October 26, 2022                                     **LONG LAW, LLC**

                                                                By:  */s/ Brian D. Long*
                                                                        Brian D. Long (#4347)
                                                                        3828 Kennett Pike, Suite 208
                                                                        Wilmington, DE 19807
                                                                        Telephone: (302) 729-9100
                                                                        Email: BDLong@LongLawDE.com

                                                                        *Attorneys for Plaintiff*